UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FREDDIE BILLS, JR.,

                    Plaintiff,                     Case No. 1:15-cv-533

v.                                       Honorable Janet T. Neff

COREY GRAHN et al.,

                    Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        Plaintiff Freddie Bills, Jr., a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim. *See Bills v. Burlage*, No. 2:04-cv-4 (W.D. Mich. May 12, 2004); *Bills v. Powers*, 2:03-cv-245 (W.D. Mich. Jan. 12, 2004); *Bills v. Davis*, 1:01-cv-625 (W.D. Mich. Oct. 26, 2001); *Bills v. Johnson*, No. 4:02-cv-40193 (E.D. Mich. July 26, 2002). The Court also has, on numerous occasions, denied Plaintiff leave to proceed *in forma pauperis* for having three strikes.

Moreover, Plaintiff's action does not fall under the exception for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

- 3 -

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists.  To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)."  *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints.  *Id*.  Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations.  *Id.*

Plaintiff alleges that, beginning on June 30, 2010, he was approved to take omega-3 fatty acids to control his cholesterol levels.  On March 31, 2015, Plaintiff had a chronic-care visit, and his treatment was assessed.  He was prescribed Prevachol, a cholesterol-reducing medication, and his omega-3 supplements apparently were discontinued.  Plaintiff claims that he does not need Prevachol.  Shortly thereafter, Plaintiff complained of increased muscle pain, and he was seen by Defendant Grahn, who discontinued his Prevachol on April 24, 2015 because Plaintiff's cholesterol levels were determined not to require medication.  Plaintiff demands reinstatement of his omega-3 fatty acids and placement on a low-fat, low-cholesterol, low-sodium diet, which he claims is no longer available under the statewide food menu.  In addition, Plaintiff complains that Defendants Deeren and Grahn rejected his request for treatment of his slightly elevated blood potassium levels on April 7, 2015, advising that treatment was not necessary.  Finally, Plaintiff demands an MRI to determine the cause of his back pain that travels to his left leg, which he experienced at 1:00 p.m. on May 5, 2015 and which was diagnosed as neuropathy by the nurse who saw him on May 5, 2015.

The nurse referred him for an appointment with Defendant Grahn.  Plaintiff complains that Defendant Grahn cancelled his appointments on May 5 and 12, 2015.

Although Plaintiff attaches copies of general medical descriptions of the long-term effects of hyperlipidemia, the benefits of omega-3 fatty acids, and the muscle pain that may be caused by statin use, he makes no allegation that he is in imminent danger.  All of his allegations arise out of his disagreements with medical decisions made over a two-month period.  From his own complaint, it is apparent that Plaintiff is being seen and treated regularly for his medical conditions. He does not allege excessively high cholesterol levels; indeed, he denies needing any prescription medications to treat his cholesterol. Moreover, Plaintiff does not allege that he is not receiving or unable to obtain an adequate and healthy diet from the standard.  In addition, his conclusory claim that the MDOC does not provide therapeutic diets is at odds with the express policies of the MDOC. *See* MICH. DEP'T OF CORR., Policy Directive 04.07.101 (governing therapeutic diets).  Finally, Plaintiff was seen by a nurse immediately on May 5, 2015, who referred him for an appointment with Defendant Grahn.  The fact that Defendant Grahn could not see him that day or one week later does not support a conclusion that he is in imminent danger of serious physical injury.

It is beyond dispute that a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), because incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once.  *Vandiver v. Prison Health Serv., Inc.,* 727 F.3d 580, 587 (6th Cir. 2013).  Plaintiff, however, does not allege that Defendants are failing to treat his chronic conditions.  The facts he alleges fail even to state a claim under the Eighth Amendment, *see, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that an Eighth

Amendment claim requires a showing that medical providers were deliberately indifferent to the prisoner's serious medical needs), much less that he is in imminent danger at this time.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated: June 10, 2015                     /s/ Janet T. Neff
                                         Janet T. Neff
                                         United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

- 6 -